# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**LTD Financial Services, L.P.,**
**Defendant Below, Petitioner**

**FILED**

**March 15, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)  No. 18-0008** (Raleigh County 15-C-41)

**Brian Collins,**
**Plaintiff Below, Respondent**

## MEMORANDUM DECISION

Petitioner LTD Financial Services, L.P., by counsel Albert C. Dunn, Jr., appeals the Circuit Court of Raleigh County's November 30, 2017, order granting a directed verdict in respondent's favor and awarding him an aggregate amount of $18,406 for petitioner's multiple violations of the West Virginia Consumer Credit and Protection Act ("WVCCPA"). Respondent Brian Collins, by counsel Steven R. Broadwater, Jr., filed a response in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in finding that respondent satisfied the applicable burden of proof and in applying an incorrect legal standard to petitioner's affirmative defense.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2015, respondent filed a complaint against petitioner alleging multiple violations of the WVCCPA as set forth in West Virginia Code § 46A-1-101 to -8-102. As it relates to the current appeal, the facts of the suit turned on the following. On December 19, 2014, petitioner placed a telephone collection call to respondent concerning outstanding debt. The call in question was recorded. During the call, respondent informed petitioner that he was represented by counsel and provided petitioner his counsel's name and telephone number. As the circuit court later found, "[t]he name of [respondent's] counsel and his status as [respondent's] counsel was clearly spoken in the recording" of this call. However, the circuit court also noted that "[t]he telephone number . . . was difficult to ascertain because [petitioner's] collector . . . began speaking over [respondent] and interrupted him as he attempted to provide this information." Following the call in question, petitioner contacted respondent at least eleven additional times.

In February of 2017, the circuit court held a hearing on the parties' motions for summary judgment. Petitioner sought dismissal of the proceedings based on the affirmative defense of bona fide error. Respondent sought summary judgment as to liability for all communications

1

directed toward him after he informed petitioner he was represented by counsel. Ultimately, the circuit court denied petitioner's motion and granted respondent summary judgment as to eleven violations of West Virginia Code § 46A-2-128(e).

In March of 2017, the matter proceeded to a bench trial on the issue of petitioner's affirmative defense under West Virginia Code § 46A-5-101(8) and the issues of damages and statutory penalties. During petitioner's defense, one witness – David John, petitioner's CEO – testified in support of the affirmative defense. According to Mr. John's testimony, petitioner's collectors are not allowed to listen to recordings of their conversations, which precluded the collector in question from simply reviewing the call to correctly input respondent's counsel's telephone number in petitioner's records. The circuit court found that Mr. John's testimony established that "once [the collector] was informed that [respondent] was represented by counsel but . . . was unable to input counsel's correct telephone number, [the collector] should have entered a substitute telephone number for [respondent] . . . to prevent any future calls." The circuit court further found, however, that petitioner "was unable to identify where such specific procedure existed in its policies and procedures materials." In fact, Mr. John admitted that he could not point to anywhere in the policies and procedures provided where such a policy existed.

Upon respondent's motion for a directed verdict, the circuit court ruled that petitioner did not satisfy its burden of proof in asserting its affirmative defense because it failed to prove the existence and maintenance of procedures reasonably adapted to avoid violating the WVCCPA and further failed to establish any mistake of fact that resulted in the eleven additional calls to respondent. Moreover, the circuit court found that petitioner had not even claimed that the calls in question were unintentional. Turning to the issue of damages, the circuit court found that petitioner's conduct was "not so egregious as to warrant the maximum statutory penalty" and awarded respondent "an aggregate award of $18,406." It is from the circuit court's November 30, 2017, verdict order that petitioner appeals.

This Court has previously held as follows:

> "In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syllabus Point 1, *Public Citizen, Inc. v. First National Bank in Fairmont*, 198 W.Va. 329, 480 S.E.2d 538 (1996).

Syl. Pt. 1, *Valentine & Kebartas, Inc. v. Lenahan*, 239 W. Va. 416, 801 S.E.2d 431 (2017). Upon our review, we find no error in the proceedings below.

Petitioner's argument in support of its first assignment of error turns on an assumption that intent was a necessary element for respondent to establish in his case-in-chief and that, because he failed to do so, the circuit court erred in ruling in respondent's favor. We do not agree, as the plain language of West Virginia Code § 46A-2-128(e) does not require proof of intent. Instead, that statute indicates that

2

> [a]ny communication with a consumer whenever it appears that the consumer is represented by an attorney and the attorney's name and address are known, or could be easily ascertained, unless the attorney fails to answer correspondence, return phone calls or discuss the obligation in question or unless the attorney consents to direct communication [is deemed to violate this section.]

W. Va. Code § 46A-2-128(e) (1990).[1] The plain language of this statute does not make reference to the debt collector's intent in making the calls. "It is not for this Court arbitrarily to read into [a statute] that which it does not say. Just as courts are not to eliminate through judicial interpretation words that were purposely included, we are obliged not to add to statutes something the Legislature purposely omitted." *Huffman v. Goals Coal Co.*, 223 W. Va. 724, 729, 679 S.E.2d 323, 328 (2009) (quoting *Banker v. Banker*, 196 W. Va. 535, 546-47, 474 S.E.2d 465, 476-77 (1996)).

It appears that petitioner believes intent is a necessary element of this cause of action because of its assertion of affirmative defenses thereto and our prior holdings interpreting other sections of the WVCCPA. Specifically, affirmative defenses exist "[i]f the creditor establishes by a preponderance of evidence that a violation is unintentional or the result of a bona fide error of fact notwithstanding the maintenance of procedures reasonably adapted to avoid any such violation or error." W. Va. Code § 46A-5-101(8) (1996). While petitioner is correct that establishing the calls in question were unintentional would constitute an affirmative defense, nothing in this statute alters the language quoted above from West Virginia Code § 46A-2-128(e) setting forth a cause of action under the WVCCPA. The language of West Virginia Code § 46A-5-101(8) is clear that the creditor – in this case, petitioner – must establish that the calls were unintentional, not the debtor – in this case, respondent. As such, any argument petitioner advances that is predicated on its assertion that respondent did not meet "his burden of proof to establish that [petitioner] intended to violate" the WVCCPA or that the circuit court erred in "not making any factual finding of the required element of intent necessary to support a violation" of the applicable statute is entirely without merit.

Further, petitioner argues that "with regard to a [p]laintiff's burden of proof in claims asserting a violation of the [WVCCPA] and, specifically those provisions governing debt collection," this Court has held that "[s]ome evidence of . . . intent to annoy, abuse, oppress or threaten . . . is necessary in order to find liability under West Virginia Code § 46A-2-125(d)." *Lenahan*, 239 W. Va. at 422, 801 S.E.2d at 437. Petitioner's reliance on this case is misplaced, however, as *Lenahan* was predicated on a violation of West Virginia Code § 46A-2-125(d), which prohibits "[c]alling any person more than thirty times per week or engaging any person in telephone conversation more than ten times per week, or at unusual times or at times known to be inconvenient, *with intent to annoy, abuse, oppress or threaten* any person at the called number." (Emphasis added). Because respondent in this matter asserted violations of West

---

[1] In the order on appeal, the circuit court notes that the WVCCPA was amended in 2015, but that the case was tried under an older version of the statutes because the violations in question took place prior to the amendment.

Virginia Code § 46A-2-128(e) and not § 46A-2-125(d), and because the former statute does not include language similar to the latter regarding intent, this case is inapplicable to the current matter. Accordingly, petitioner is entitled to no relief.

Petitioner next argues that the circuit court erred in analyzing the affirmative defenses available to it under West Virginia Code § 46A-5-101(8). According to petitioner, the circuit court "improperly interpreted" the statute "as creating only one defense to the claim[,]" instead of two. Specifically, petitioner argues that the circuit court failed to recognize the defense that the calls were made unintentionally, but this argument does not accurately reflect the record. In the order on appeal, the circuit court plainly recognized that two defenses were available, finding that West Virginia Code § 46A-5-101(8)

> takes a two-tiered approach to proving the defense. First, a defendant must prove that it maintains procedures reasonably adapted to avoid violating the law. Once the maintenance o[f] reasonable procedures is proven by a preponderance of the evidence, the next tier of inquiry is whether the violation alleged was "unintentional," or the result of a "bona fide error *of fact*."

The circuit court went on to find that petitioner "made no claim that the eleven . . . telephone calls to [respondent] . . . were made unintentionally." Because petitioner did not even claim that the calls were unintentional, let alone produce evidence in support of such a defense, the circuit court instead focused its analysis on the second defense of bona fide error of fact. As such, it is clear that there is no merit to petitioner's argument that the circuit court improperly analyzed the statute in question as providing only one possible affirmative defense, and we find no error in this regard.

To the extent that petitioner argues that the circuit court erred in finding that it failed to establish its affirmative defense by a preponderance of the evidence, we similarly find no error.[2]

---

[2]As noted above, the circuit court specifically found that petitioner "made no claim that the eleven . . . telephone calls to [respondent] . . . were made unintentionally." On appeal, petitioner alleges that it did, in fact, claim the calls were unintentional, as it asserted this affirmative defense in its answer to respondent's complaint. However, petitioner does not attempt to cite to any evidence in support of this defense. As noted above, West Virginia Code § 46A-5-101(8) requires the creditor to establish, by a preponderance of the evidence, that the violation was unintentional. Instead of citing to evidence it presented in support of this affirmative defense, petitioner relies on its argument that "[i]t is obvious that the required element of intent was never a part of" respondent's case-in-chief. Because respondent did not have the burden of proof in regard to intent, petitioner's failure to introduce any evidence on this issue precluded it from successfully asserting an affirmative defense based on unintentional violations of the statute at issue. As such, petitioner is entitled to no relief in this regard on appeal.

Additionally, petitioner makes the argument that "the factual error [affirmative defense] can be supported by a lack of intent to call the consumer known to be represented" and that,

(continued . . . )

4

The circuit court made extensive findings about petitioner's policies and procedures and although it found that "on their face" the policies petitioner provided "appear[ed] reasonably adapted to avoid violations of the WVCCPA[,]" the circuit court went on to find that "upon further examination it became clear . . . that [petitioner] had not reasonably adapted *any* procedure as to what the collector who was provided [respondent's] attorney information . . . *should* have done" to prevent the violations in question. According to the circuit court, Mr. John testified to what the collector should have done to prevent the additional calls – input "a fake or random number so that [respondent's] telephone would no longer be dialed." However, the circuit court went on to find that petitioner "could not identify any such . . . procedure in the policies and procedures provided by [petitioner] and entered into evidence in support of its defense."

Further, while petitioner produced policies at trial, the circuit court found that it "failed to provide any evidence that [it] maintained the policies and procedures" that it produced and failed to produce evidence "which would show that the collector who received [respondent's] attorney's information had been trained or tested" in regard to the policies and procedures at issue. Accordingly, the circuit court concluded that petitioner "produced no evidence to support the statutory requirement that its policies and procedures were maintained in any meaningful manner."

Petitioner also argues that the circuit court conclusions "are not supported by the evidence . . . ; are the result of a failure to properly assess the argument of [petitioner] throughout the case; and are erroneous as a matter of law." Further, petitioner argues that "[w]hat the trial court basically did was to substitute its judgment for what policy and procedure it felt SHOULD have been in place . . . and then determined that because [petitioner's] policy and procedure was not optimum, it was also not a reasonable one." These arguments have no merit. Again, petitioner ignores the fact that the circuit court found that the "policy" petitioner references, i.e. inputting fake numbers in place of counsel's actual telephone number to prevent further calls to respondent, was not contained anywhere within its policies and procedures produced at trial. Accordingly, the policies and procedures petitioner did produce were clearly unreasonable, given that they resulted in eleven additional attempts to contact respondent after the collector was informed that respondent was represented by counsel.

The circuit court went on to find that petitioner "also failed to prove that the eleven violation[s] . . . were the result of a 'bona fide error of fact.'" Upon repeated questioning concerning this issue, petitioner's sole witness in its defense indicated that "the factual error was [the] collector's failure to follow [the applicable] policies and procedures." Setting aside the fact

under certain circumstances, "there is still no liability for [a] call [that violates the applicable statute] because the attempted contact would be by error and not evidence of an intent to violate the law by refusing to follow the procedures in effect." We find no merit to these arguments, given that the Legislature has clearly provided for two separate and distinct affirmative defenses for a violation that is either (1) unintentional or (2) the result of a bona fide error of fact. Accordingly, any argument petitioner advances that attempts to predicate its bona fide error of fact argument upon a lack of intent is misplaced.

that the circuit court found that petitioner did not, in fact, have any policies or procedures to address this issue or establish that the collector in question had been trained or tested on these policies, the circuit court went on to rule that "failing to follow procedures is not a factual error." We agree. Indeed, as the circuit court found, "[i]t is not as if [petitioner] did not believe [respondent] was represented by counsel, or that [petitioner] had incorrect information for [respondent's] attorney." Accordingly, we agree with the circuit court that "simply failing to follow a procedure which . . . was not contained anywhere in the policies and procedures produced by [petitioner] does not constitute an error of fact." As such, petitioner is entitled to no relief in this regard.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** March 15, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison